UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11-16-23

GARY A. STEWART,

                          Plaintiff,

          -against-

G. MEDINA and STATE OF NEW YORK,

                          Defendants.

**ORDER OF PARTIAL DISMISSAL**

23 CV 880 (VB)

11-16-23

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

Briccetti, J.:

Plaintiff Gary A. Stewart, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983 against defendants G. Medina, whom Plaintiff identifies as a correction

officer at Sing Sing Correctional Facility ("Sing Sing"), and the State of New York, alleging

violations of his Eighth Amendment rights.

For the reasons below, the Court sua sponte dismisses plaintiff's claims against the State

of New York for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff alleges Medina created a substantial risk to his safety resulting in him being

attacked by another inmate while he was incarcerated at Sing Sing. According to plaintiff, on

May 9, 2020, Medina opened plaintiff's cell and another inmate entered his cell and slashed

plaintiff with a weapon resulting in serious injuries. Plaintiff asserts his cell was not supposed to

be opened on that day and he requested his cell remain closed for fear of contracting COVID-19.

Plaintiff contends Medina was deliberately indifferent to a serious risk to plaintiff's safety.

Plaintiff commenced this action on November 28, 2022, in the Northern District of New

York. (Doc. #1). The case was subsequently transferred to this Court as the proper venue. (Doc.

#12).  On September 11, 2023, plaintiff requested leave to file an amended complaint, and the Court granted that request on September 15, 2023.  (Docs. ##31, 32).

On November 13, 2023, plaintiff timely filed an amended complaint adding the State of New York as a defendant.  (Doc. #33 ("Am. Compl.") at ECF 4).[1]

## DISCUSSION

### I.   Standard of Review

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."  Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).[2]  The Court must dismiss an action sua sponte if it determines it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); accord Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) ("[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.").

The Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."  Clarkes v. L. Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).[3]

---

[1]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[3]   Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

II.    Eleventh Amendment Immunity

The Court must dismiss plaintiff's claims against the State of New York.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity."  Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).  This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief.  See Green v. Mansour, 474 U.S. 64, 72–74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984).  Congress has not abrogated the States' immunity for claims under Section 1983, see Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment therefore precludes Plaintiff's claims for damages under Section 1983 against the State of New York.  See, e.g., Iosilevich v. Walmart Inc., No 22-CV-4757, 2022 WL 2476641, at *1 (S.D.N.Y. July 6, 2022).  The Eleventh Amendment further precludes plaintiff's claims under Section 1983 against the State of New York for any injunctive relief and retrospective declaratory relief.  See Green v. Mansour, 474 U.S. at 72–74; Pennhurst State Sch. & Hosp. v. Halderman, 469 U.S. at 101–02.

Accordingly, the Court dismisses all of plaintiff's claims against the State of New York, for lack of subject-matter jurisdiction under the doctrine of Eleventh Amendment immunity and for lack of standing.  Fed. R. Civ. P. 12(h)(3); Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim."); see 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the above reasons, the Court dismisses all of plaintiff's claims against the State of New York.

The Clerk is instructed to terminate defendant State of New York.

By December 5, 2023, defendant Medina shall file an answer or otherwise respond to the amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: November 16, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

4