UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GARY A. STEWART,
               Plaintiff,
v.

G. MEDINA,
               Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

23 CV 880 (VB)

Briccetti, J.:

    Plaintiff Gary A. Stewart, proceeding pro se and in forma pauperis, brings this Section 1983 action against defendant Gilberto Medina,[1] an employee of the New York State Department of Corrections and Community Supervision. Plaintiff alleges defendant violated his constitutional rights under the Eighth Amendment by failing to protect him from an assault by another inmate.

    Now pending is defendant's motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6).[2] (Doc. #35).

---

[1] Although plaintiff lists defendant's first name as "Gary" in the amended complaint, the Court refers to defendant by his correct name as set forth in his memorandum of law. (Doc. #36 at 2).

[2] Although defendant invokes only Rule 12(b)(6) in his motion, his argument regarding suits against officers in their official capacities "is more appropriately characterized as a [motion for] dismissal under Rule 12(b)(1), as it [is] based on sovereign immunity." Morabito v. New York, 803 F. App'x 463, 465 n.2 (2d Cir. 2020) (summary order). However, the "distinction has no practical effect in this case because whether brought under either subdivision, the Court considers on this motion only the pleadings and the relevant . . . federal law and has drawn all inferences in Plaintiff's favor." Crichlow v. Annucci, 2022 WL 6167135, at *6 (S.D.N.Y. Oct. 7, 2022).

    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

1

For the reasons set forth below, the motion is GRANTED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and attached exhibits,[3] as well as certain factual allegations in plaintiff's opposition.[4] (See Doc. #49 ("Pl. Opp.")).[5] The Court draws all reasonable inferences in plaintiff's favor, as summarized below.

During the complained-of events, plaintiff was incarcerated at Sing Sing Correctional Facility in Ossining, New York ("Sing Sing").

On May 9, 2020, at approximately 11:00 a.m., plaintiff alleges he told defendant, a Correction Officer at Sing Sing, he did not want his cell door opened to go to lunch or the yard for fear of contracting COVID-19. Plaintiff allegedly told defendant on several occasions he did

---

[3]     Plaintiff requested that the Court attach to his amended complaint the exhibits previously attached to his original complaint. (Doc. #33 ("Am. Compl.") at ECF 1). Given plaintiff's pro se status and alleged difficulties accessing a photocopy machine, the Court will consider exhibits A through E of the original complaint to be attached to the amended complaint. (See Doc. #1 at ECF 9–14).

"ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

[4]     Because plaintiff is proceeding pro se, the Court considers new allegations in his opposition, to the extent they are consistent with the amended complaint. See Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

[5]     The Court notes that plaintiff submitted two documents in opposition to defendant's motion to dismiss. (See Docs. ##48, 49). However, plaintiff requested that the submission dated April 14, 2024 (Doc. #48), be withdrawn. (See Pl. Opp. at ECF 6). As such, the Court considers only the submission dated April 16, 2024 (Doc. #49), as plaintiff's opposition.

not want to come out of his cell because he was diabetic and particularly fearful of catching COVID.

On this day, plaintiff alleges another inmate named Allan was out of his cell "unsupervised and unauthorized" for approximately forty-five minutes. (Am. Compl. at ECF 6). Plaintiff further alleges defendant knew Allan was not authorized to be out of his cell, and that defendant opened plaintiff's cell "intentionally, at Allan's request." (Pl. Opp. at ECF 2). According to plaintiff, before he could react to his cell door being opened, he was attacked by Allan, who had a homemade knife. Plaintiff asserts he was hit in the head, lost consciousness, and suffered a deep cut to his head and several additional cuts to his face, chest, and left shoulder. Plaintiff was then transported to Mount Vernon Hospital where he was treated for his injuries. Upon his return from the hospital, plaintiff alleges he was placed in the Special Housing Unit ("SHU"), where he was "unlawfully confined for several weeks." (Am. Compl. at ECF 8).[6]

After the incident, plaintiff alleges defendant wrote a report stating he "inadvertently" opened plaintiff's cell while he was "locking in" the inmates from lunch. (Am. Compl. at ECF 6; see Doc. #1 at ECF 10). However, plaintiff claims it is "impossible" to inadvertently open or leave open a cell door (Pl. Opp. at ECF 2), because "fool proof" security measures were implemented years prior to the May 9 incident to ensure cells were not accidently opened (see Am. Compl. at ECF 5–6). Specifically, plaintiff alleges officers must use the "lock box" to program individual inmate cells to be opened for meals. (Id. at ECF 5). Only the cells

---

[6] Plaintiff does not state why his placement in SHU was unlawful or elaborate on the conditions of his confinement during this time. As such, even liberally construing the amended complaint, the Court does not interpret plaintiff's allegations as attempting to allege an Eighth Amendment claim based on his placement in SHU.

3

specifically programmed to open will open, and all other cells will remain locked. Plaintiff alleges once the cells are open, the officer must secure the gallery, and when the inmates return, the officer presses the "group button" and only the cells previously opened will reopen. (Id.).

## DISCUSSION

I. Standard of Review

  A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011)). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

In deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should resolve the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

  B. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v.

4

Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint."  Id.

Moreover, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se litigant alleges civil rights

5

violations.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Official Capacity Claim

Defendant argues the Eleventh Amendment bars plaintiff's Section 1983 claim against him in his official capacity because the Court lacks subject matter jurisdiction over this claim.

The Court agrees.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  Id.  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983.  Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977).  However, state officials can still be subject to suit in their official capacities for injunctive or other prospective relief if the plaintiff "alleges an ongoing violation of federal law."  In re Deposit Ins. Agency, 482 F.3d 612, 618 (2d Cir. 2007).

Here, plaintiff seeks only monetary damages against defendant (see Am. Compl. at ECF 8), and does not contest that his claim against defendant in his official capacity is barred (Pl. Opp. at ECF 4).  Accordingly, plaintiff's Section 1983 claim for monetary damages against defendant in his official capacity must be dismissed.

III.     Failure-to-Protect Claim

Defendant argues plaintiff has not stated an Eighth Amendment failure-to-protect claim because plaintiff fails to allege defendant knew of a particularized, substantial risk of serious harm to plaintiff and deliberately disregarded that risk.

The Court agrees.

A.     Legal Standard

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A failure to protect claim arises when prison officials act "with deliberate indifference to the safety of the inmate."  Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

Failure-to-protect claims have two prongs:  an objective prong and a subjective prong.  To plead the objective prong, a plaintiff must plausibly allege the prison official's conduct was sufficiently serious, meaning the conduct "pose[d] an unreasonable risk of serious damage to [the plaintiff's] health."  Darnell v. Pineiro, 849 F.3d 17, 30 (2d Cir. 2017).

To plead the subjective prong, a plaintiff must plausibly allege the defendant knew of a substantial risk of serious harm to the inmate and disregarded that harm by failing to take reasonable measures to abate it.  Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620.  The defendant officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).  For example, a prisoner states a failure-to-protect claim when he alleges prison officials knowingly placed him in a section of a prison where he would be subject to a heightened risk of harm in light of his identity and the identities of the inmates in that section.  Manning v. Griffin, 2016 WL 1274588, at *7 (S.D.N.Y. Mar. 31, 2016) (collecting cases).

7

"[A]n inmate's communications about generalized safety concerns or vague concerns of future assault by unknown individuals are insufficient to provide knowledge that the inmate is subject to a substantial risk of serious harm." Anselmo v. Kirkpatrick, 2019 WL 2137469, at *4 (N.D.N.Y. May 16, 2019).  Rather, an Eighth Amendment failure-to-protect claim lies when the plaintiff "alleges that he informed corrections officers about a specific fear of assault and [was] then assaulted." Tubbs v. Venettozzi, 2019 WL 2610942, at *5 (N.D.N.Y. June 26, 2019). "Courts routinely deny deliberate indifference claims based upon surprise attacks." Parris v. N.Y. State Dep't Corr. Servs., 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013).  Further, "[m]ere negligence by a prison officer does not establish a claim for deliberate indifference to [a] prisoner's safety." Fernandez v. N.Y.C. Dep't of Corr., 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010).

B. Analysis

Here, it is unnecessary to decide whether plaintiff has plausibly alleged the objective prong of his failure-to-protect claim because plaintiff clearly fails to allege the subjective prong. See Parris v. N.Y. State Dep't Corr. Servs., 947 F. Supp. 2d at 363.

Plaintiff alleges as follows with respect to defendant's deliberate indifference to his safety:  (i) plaintiff told defendant "on several occasion[s]" he did not want to leave his cell because he was "scared of catching COVID" (Am. Compl. at ECF 5); (ii) Allan was out of his cell "unsupervised" for approximately forty-five minutes (id. at ECF 6); and (iii) defendant "opened plaintiff's cell intentionally, at Allan's request" (Pl. Opp. at ECF 2).  Based on these allegations, plaintiff asserts defendant knew Allan was not authorized to be out of his cell and "with this knowledge" defendant opened plaintiff's cell with deliberate indifference to a serious risk of harm to plaintiff.  (Pl. Opp. at ECF 2).

Even accepting all of plaintiff's allegations as true, as the Court must at this stage, they are insufficient plausibly to allege defendant knew that opening plaintiff's cell would likely result in a risk of serious harm to plaintiff. There is no indication defendant knew plaintiff was at risk of being attacked, as plaintiff only ever indicated he wanted to be left alone in his cell for fear of contracting COVID—not for fear of being assaulted by another inmate. Absent allegations that defendant knew of a prior altercation between Allan and plaintiff, or knew Allan was armed with a knife at the time, or knew a threat of physical harm had been made against plaintiff, or knew of a broader pattern of physical altercations among inmates similar to the one suffered by plaintiff, the amended complaint alleges only a "surprise attack," which cannot sustain a failure-to-protect claim. See Parris v. N.Y. State Dep't Corr. Servs., 947 F. Supp. 2d at 363 (dismissing failure-to-protect claim when plaintiff failed to allege defendant's knowledge of "a prior altercation" with or "threats" from his attacker or a "history" of similar inmate assaults).

Plaintiff also asserts defendant "should have known that opening a cell at the request of a prisoner who is unauthorized to be outside represents an obvious threat." (Pl. Opp. at ECF 4 (emphasis added)). But plaintiff must plead defendant had "actual knowledge" that plaintiff would likely be attacked upon the opening of his cell. See Bridgewater v. Taylor, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010) (dismissing failure to protect claim when plaintiff failed to allege "sufficient factual content" to show "why [defendant] should have known that a beating was likely to occur"). Plaintiff's allegations that defendant acted negligently are not sufficient. See Fernandez v. N.Y.C. Dep't of Corr., 2010 WL 1222017, at *4.

Accordingly, plaintiff's Eighth Amendment failure-to-protect claim must be dismissed.[7]

---

[7] Because the Court dismisses plaintiff's claim for failure to allege a constitutional violation, the Court need not address defendant's argument that he is entitled to qualified immunity.

9

IV.     Leave to Amend

In his opposition, plaintiff requests leave to file a second amended complaint if the Court finds his pleadings insufficient. (Pl. Opp. at ECF 5).

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15 is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). Thus, district courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d at 112. However, requests for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

On September 15, 2023, the Court granted plaintiff's request for leave to file an amended complaint in light of defendant's initial motion to dismiss. (Docs. ##31, 32). Defendant's arguments in the instant motion are substantially similar to those arguments in his initial motion addressing the failure-to-protect claim, which plaintiff had an opportunity to address in his amended complaint. (See Doc. #28). In addition, the Court does not find any allegations in the amended complaint, liberally construed, that suggest plaintiff has a valid claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe" again. Cuoco v. Moritsugu, 22 F.3d at 112.

Accordingly, leave to amend is denied.

## CONCLUSION

Defendant's motion to dismiss is GRANTED.

Plaintiff's request for leave to amend is DENIED.

The Clerk is instructed to terminate the motion (Doc. #35) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated: June 20, 2024
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge